ROY CROWDER, APPELLEE, V. TOLERTON & WARFIELD COM-
PANY, APPELLANT.

FILED NOVEMBER 1, 1912.    No. 16,810.

1. **Sales:** OFFER: ACCEPTANCE. An order for goods, wares or mer-
chandise sent to a wholesale or jobbing house, at the solicitation
of its traveling salesman, which provides in express terms that
it is subject to the approval of the home office, does not become
a binding contract until it is approved and accepted.

2. ———: RESCISSION. Where the person making the order, upon
being notified of its nonacceptance, demands and receives a re-
payment of the money forwarded therewith, he thereby rescinds
his order, and cannot maintain an action thereon for damages
for its nonacceptance.

APPEAL from the district court for Dawes county:
WILLIAM H. WESTOVER, JUDGE. *Reversed.*

Albert W. Crites, for appellant.

J. E. Porter, contra.

BARNES, J.

Action to recover damages for an alleged breach of con-
tract for the sale of a soda fountain. The action was
commenced in the justice court of Dawes county, where
plaintiff had the judgment. Defendant appealed to the
district court, where, on a trial without a jury, the plaintiff
again had judgment for the sum of $120, and to reverse
that judgment the defendant has appealed to this court.

It appears that on the 9th day of March, 1908, at Craw-
ford, Nebraska, plaintiff gave an order for a soda fountain
to one J. H. Meyer, defendant's traveling salesman, which
reads as follows: "Crawford, Neb., 3-9, 1908. Manufac-
turers of and Dealers in Soda Water Apparatus & Sup-
plies. Tolerton & Warfield Co. Please furnish the fol-
lowing goods on the terms and conditions mentioned
below: Title to said goods to remain with ———— until

all payments are made. Ship on or about April 1st, 1908, via C. & N. W. & Burlington, to Roy Crowder, town— Crawford, State—Neb. As evidence of good faith, I herewith make a cash payment of $25.00, receipt of which is hereby acknowledged, and upon receipt of bill of lading or tender of goods, I will honor sight draft or other demand for $——, and the balance I promise to pay in monthly sums as follows: $10.00 each month beginning May 1st, 1908, privilege of paying full amount at a discount of 5% by Jan. 1st, 1909, with interest at 6 per cent. on each payment from date of shipment, and for such balance and interest will execute and deliver contract notes of like tenor and form to the one printed on the back of this order and maturing as above set forth, and will execute such other papers as may be necessary under the laws of this state to protect your title to said goods. The delivery of said apparatus, etc., to be conditional upon the compliance with the above terms and conditions. There are no other conditions with your salesman except as herein stated. All goods f. o. b. Decatur, Ill. All orders and contracts secured by any representative of this company are subject to approval by the home office, and contingent on labor difficulties, fires or other unavoidable delays." There followed a description of the fountain and fixtures, and the price thereof was stated to be $300. The order was signed by the plaintiff, who thereafter forwarded it, together with his check for $25, to the defendant, and stated in his letter that, according to the agreement, the fountain was to be in Crawford by the 15th or 20th of April.

On receipt of the order, the defendant refused to accept it for several reasons, among which was that the price should have been $350 for the fountain, instead of $300, as named in the order, and wrote a letter to their salesman, Meyer, telling him that they could not accept the order, and asked him to take the matter up personally with plaintiff, and readjust the matter in conformity with a copy of an order which they inclosed to him.

It appears that Meyer called upon the plaintiff and informed him that he, Meyer, had "balled" the order all up, and asked plaintiff to make out a new order; that the defendant, on the 8th day of April, 1908, forwarded to the plaintiff a new order, in which the price of the soda fountain was fixed at $350. On receipt of the new order, the plaintiff refused to sign the same, and sent the following telegram to the defendant: "Crawford, Neb., April 8, 1908. Tolerton & Warfield, Sioux City, Ia. Ship goods ordered or return check. Wire particulars. Something must be done. Waited long enough. (Signed) Roy Crowder."

On April 10, 1908, plaintiff wrote a letter to the defendant, in which, among other things, he said: "Now, if you want to sell me this fountain, I want to know what I am getting. Do I get a steel fount with this complete outfit? If I get this I will order this outfit on receipt of message from you to-morrow. If not, return my check at once, as I think you have had it long enough, I have another place. This fountain is to get here by 1st of May. (Signed) Roy Crowder."

Upon receipt of this letter, the defendant, having cashed plaintiff's check for $25 pending negotiations, sent the plaintiff a draft for $25 in a letter apologizing to him for the mistakes and misunderstandings between them, and informing him that they would have Mr. Meyer take the matter up with him again on his next trip to Crawford. Defendant also stated in the letter that it always had the option of whether to ship goods or not when an order was taken by its salesmen, and that it had exercised that privilege for the reason that it could not afford to sell him a $350 outfit for $300. We have not stated all of the correspondence that passed between the parties, but have given the substance of it. When the plaintiff received the draft for $25 in repayment of his check, he wrote the defendant, stating that he refused to accept it, but would sue for damages for failing to comply with the terms of his order. It appears that he kept and cashed the draft, and

claimed upon the trial that he had credited the amount of it on his claim for damages. It appears that this was done, however, without the consent of the defendant.

The evidence contained in the bill of exceptions is in nowise conflicting, and clearly establishes the facts above stated. It is contended, among other things, that defendant was entitled to a judgment dismissing plaintiff's action because the evidence fails to show an acceptance of the plaintiff's order by the home office. It appears by a clause contained in the order itself that all such orders were subject to the approval of the defendant. The evidence clearly shows that the defendant disapproved of the order, and notified the plaintiff of that fact. In the negotiations for a change of the order, plaintiff was told the reasons why defendant could not fill it. The clause in the order was a reasonable and proper one, and was made for the protection of the defendant. No approval from delay can be inferred, and the plaintiff, by his acceptance of the draft for $25, in effect rescinded his order, and he was not entitled thereafter to maintain an action against the defendant for a failure to accept the same and comply with its terms.

For the foregoing reasons, the judgment of the district court is

REVERSED.